1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SORAYA MARIA RIGOR,                        No.  2:21-cv-01388 KJM AC PS

12                    Plaintiff,

13        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   DALE AND KATY CARLSEN CENTER
     FOR INNOVATION AND
15   ENTREPRENEUERSHIP, et al.,

16                    Defendants.

17

18        Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

19   undersigned by Local Rule 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

20   pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C.

21   § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

22                               I.  SCREENING

23        A.      Standards

24        The federal IFP statute requires federal courts to dismiss a case if the action is legally

25   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

27        Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

28   plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

1

court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

1  Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

2  　　　　B.  The Complaint

3  　　　　Plaintiff brings suit for "breach of fiduciary duty of care, self-dealing, collusion, misuse of

4  coursework IP, unfair treatment Title IX, defamation, personal injuries, emotional duress caused,

5  [and] public corruption" against the Dale and Katy Carlsen Center for Innovation and

6  Entrepreneurship and the associated Governance Advisory Board Members.  ECF No. 1 at 1.

7  Plaintiff's complaint stems from events related to "Global Entrepreneurship Week 2018" and the

8  "Make your Campus Matter" program, and alleges that plaintiff's intellectual property was used

9  without permission.  Id. at 7-15.  Plaintiff alleges that officials at California State University at

10  Sacramento and the Carlsen Center Advisory Board did not give students credit for their work.

11  ECF No. 1 at 7.

12  　　　　Plaintiff filed a very similar case on April 15, 2019.  Rigor v. California State University

13  of Sacramento, et al., 2:19-cv-00633 KJM AC ("Rigor I").  This case was also based on alleged

14  infringements arising from "Global Entrepreneurship Week 2018."  Rigor I,  ECF No. 12 at 5

15  (Amended Complaint).  Plaintiff was granted leave to proceed IFP in Rigor I, and the complaint

16  was twice rejected on screening, with leave to amend.  Rigor I, ECF Nos. 3 and 6.  Plaintiff

17  ultimately failed to timely file a second amended complaint, and the case was dismissed without

18  prejudice for failure to prosecute.  Rigor I, ECF Nos. 10, 11.  Plaintiff attempted to file a second

19  amended complaint in the closed case, but the filing was refused.  Rigor I, ECF Nos. 12, 13.

20  　　　　Plaintiff filed another similar complaint on February 21, 2020.  Rigor v. CSUS, et al.,

21  2:20-cv-00394 JAM AC ("Rigor II").  That case, which brought discrimination, copyright, and

22  civil rights violation claims, was dismissed on screening for failure to state a claim on which

23  relief could be granted.  Rigor II, ECF Nos. 3, 5, 6.  For the reasons set forth below, plaintiff's

24  third case arising out of the same incident must also be dismissed for failure to state a claim upon

25  which relief can be granted.

26  　　　　C.  Analysis

27  　　　　As with plaintiff's previous two cases stemming from the same events, the complaint in

28  this case (which is accompanied by 931 pages of exhibits) fails to state a claim upon which

3

1  relief can be granted because of several deficiencies.  28 U.S.C. § 1915(e)(2)(B)(ii).[1]

2        First, plaintiff brings a claim for breach of contract (ECF No. 1 at 2), but the complaint

3  fails to identify any contract.  "A cause of action for damages for breach of contract is comprised

4  of the following elements: (1) the contract, (2) plaintiff's performance or excuse for

5  nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff."  Careau &

6  Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1388 (1990), as modified on denial of

7  reh'g (Oct. 31, 2001).  "[T]here is no contract until there has been a meeting of the minds on all

8  material points."  Am. Employers Grp., Inc. v. Employment Dev. Dep't, 154 Cal. App. 4th 836,

9  846–47 (2007) (quotations and internal citations omitted).  "If there is no evidence establishing a

10 manifestation of assent to the 'same thing' by both parties, then there is no mutual consent to

11 contract and no contract."  Weddington Prods., Inc. v. Flick, 60 Cal. App. 4th 793, 811 (1998).

12 Here, plaintiff alleges that she worked with Katherine Cota at the Carlsen Center and at some

13 point "thought [they] were going to accept my offer for a licensing agreement after working with

14 Cota for so long," but instead learned that there was going to be a "photo release of ideas and

15 concepts, as if they intended to use my work without compensation."  ECF No. 1 at 5.  As a

16 matter of law, there can be no breach of contract without a contract.  The belief that an entity will

17 or should enter a contract is not enough to state a claim for breach of contract.

18       Second, the "fiduciary duty" claim is legally insufficient.  Plaintiff alleges that she was

19 issued a "Photo release of ideas and concepts" instead of a licensing agreement in violation of

20 California State University's fiduciary duty to "secure assurance that no harm would come to

21 students when engaging in activities where interaction between business or departmental

22

---

23 [1]  This case is also very likely barred by the doctrine of res judicata, which prevents the litigation
   of claims for, or defenses to, recovery that were previously available to the parties, regardless of

24 whether they were asserted or determined in the prior proceeding.  Chicot County Drainage Dist.
   v. Baxter State Bank, 308 U.S. 371, 378 (1940).  "Res judicata is applicable whenever there is (1)

25 an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."  Tahoe–
   Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th

26 Cir. 2003) (internal quotation marks omitted).  Because the privity of the defendants is not clear

27 from the face of the various complaints, the undersigned recommends dismissal on the merits
   rather than res judicata grounds.  Plaintiff is cautioned, however, that further complaints on the

28 same subject may well be subject to dismissal on res judicata grounds.

1   relationships with the student body exist." ECF No. 1 at 15.  Plaintiff refers to a California

2   Supreme Court case which holds that "universities owe a duty to protect students from

3   foreseeable violence during curricular activities[.]"  <u>Regents of Univ. of California v. Superior</u>

4   <u>Court</u>, 4 Cal. 5th 607, 634 (2018).  Plaintiff interprets this language as establishing a general duty

5   to protect students from any harm, including financial harm.  ECF No. 1 at 28.  Contrary to

6   plaintiff's understanding, however, the legal duty created by the California Supreme Court does

7   not extend to all harm of any kind that may befall students.  Plaintiff cites no legal basis for the

8   proposition that defendant, or anyone involved in the underlying events, had a fiduciary duty to

9   ensure plaintiff was offered a licensing agreement for intellectual property.  Plaintiff cannot state

10  a claim for breach of fiduciary duty as a matter of law.

11       To the extent plaintiff brings a Title IX claim or any other claims, they are unintelligible

12  and/or not substantively addressed in the complaint, which falls far short of the Rule 8(a)

13  pleading requirements in that it does not contain a sufficient statement of the claim showing

14  plaintiff's entitlement to relief.  <u>See</u> Fed. R. Civ. P. 8(a)(2).  The complaint is disjointed and

15  difficult to comprehend, and does not clearly set forth facts giving rise to any legal claim.  For all

16  of the reasons set forth above, the complaint should be dismissed.

17                    II.  AMENDING THE COMPLAINT

18       A pro se litigant is entitled to notice of the deficiencies in the complaint and an

19  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  <u>See</u>

20  <u>Noll v. Carlson,</u> 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

21  stated in <u>Lopez v. Smith,</u> 203 F.3d 1122 (9th Cir.2000)) (en banc).  Though this is plaintiff's first

22  complaint in this case, it is effectively plaintiff's fourth attempt at amendment, as the complaint is

23  substantially similar to, and arises from the same set of facts as, the complaint that was dismissed

24  for failure to prosecute in <u>Rigor I</u> and the complaint that was dismissed on the merits in <u>Rigor II.</u>

25  Although plaintiff was provided information in the <u>Rigor I</u> screening orders about the legal

26  standards for stating a claim,[2] the instant complaint has not cured the problems there identified.

27

28  [2]  <u>See</u> <u>Rigor I</u>, 2:19-cv-00633, ECF Nos. 3 and 6.

Indeed, the instant complaint comes no closer to passing screening than the two complaints filed in Rigor I or the complaint dismissed substantively on screening in Rigor II.  Accordingly, the undersigned concludes that there are no additional facts plaintiff can plead that would support a cognizable claim.  Finding that further amendment under such circumstances would be futile, the court cannot recommend amendment here.

### III.  PRO SE PLAINTIFF'S SUMMARY

Because the complaint does not contain clear factual allegations identifying a legal harm that was done to you, does not allege facts supporting the necessary components of a breach of contract claim, does not establish that the university or any defendant owed a duty of care to you with respect to your intellectual property, and does not state the necessary facts to support a discrimination claim of any kind, the complaint will not be served on defendants.  The complaints you filed in your previous cases had the same problems.  Because this is the third case you have brought based on the same facts, the undersigned concludes that further amendment would be futile, and recommends that this case be dismissed.

### IV.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED;

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE